997 A.2d 224

IN THE MATTER OF ARTHUR E. SWIDLER,
AN ATTORNEY AT LAW.

July 19, 2010.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 10–006, concluding on the record certified to the

Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **ARTHUR E. SWIDLER** of **TRENTON,** who was admitted to the bar of this State in 1985, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.15(a) (negligent misappropriation of trust funds), *RPC* 1.15(d) and *Rule* 1:21–6(recordkeeping violations), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to provide the Office of Attorney Ethics with a certification concerning his trust accounting deficiencies, retain a certified public accountant to bring his records into compliance with *Rule* 1:21–6, and submit to the Office of Attorney Ethics quarterly reconciliations of his trust account prepared by the accountant for a period of two years;

And good cause appearing;

It is ORDERED that **ARTHUR E. SWIDLER** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective August 13, 2010; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics the certification concerning his trust accounting deficiencies; and it is further

ORDERED that respondent shall retain a certified public accountant approved by the Office of Attorney Ethics to bring his trust account records into compliance with *Rule* 1:21–6; and it is further

ORDERED that on reinstatement to practice, respondent shall submit to the Office of Attorney Ethics quarterly reconciliations of his attorney accounts prepared by a certified public accountant approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.